# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-428-RJC

| | |
|---|---|
| WE THE PEOPLE UNITED UNITED STATES COMMON LAW GRAND JURY, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| UNITED STATES, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

**THIS MATTER** is before the Court on its September 3, 2019, Notice of Deficiency. (Doc. No. 2).

The *pro se* Complaint was filed on September 3, 2019. (Doc. No. 1). The Court issued a Notice of Deficiency the same day, requiring Plaintiff to either file an application to proceed *in forma pauperis* or to pay the $400 filing fee. (Doc. No. 2). The Court granted Plaintiff 21 days to comply and cautioned Plaintiff that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." (Doc. No. 2 at 1).

Plaintiff has failed to comply with the Court's Notice of Deficiency and the time to do so has now expired. The Court is unable proceed and this case is therefore dismissed without prejudice. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 631-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

1

**IT IS, THEREFORE, ORDERED that:**

(1) <u>This action is dismissed without prejudice for Plaintiff's failure to comply with the Court's September 3, 2019 Notice of Deficiency</u>.

(2) The Clerk of this Court is directed to terminate this action.

Signed: October 2, 2019

Robert J. Conrad, Jr.
United States District Judge